IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH MILLER, ALMA MILLER,
husband and wife, CHRIS MILLER,
MATT MILLER, SANTA FE PARTNERS I,
a New Mexico Partnership, STEPHEN
GIBBENS, PATRICK COUGHLIN, SUMMIT
PARTNERSHIP 2 and ALTO ELDORADO
PARTNERSHIP,

                Petitioners/Plaintiffs,

v.                                                              Civ. No. 97-309 LH/RLP

COUNTY OF SANTA FE, New Mexico,
SANTA FE COUNTY BOARD OF COUNTY
COMMISSIONERS, RICHARD D. ANAYA,
BETTY PLATTS, JAVIER GONZALES,
MARCOS TRUJILLO and HERMAN RODRIGUEZ,

                Respondents/Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Reconsideration and Certification (Docket No. 7). The Court, having read the briefs and being fully advised in the premises, finds that Plaintiffs' motion is not well taken and shall be **denied.**

This case originated in state district court but was subsequently removed to this Court. Plaintiffs first move this Court to reconsider the July 1, 1996 decision and August 23, 1996 order of the state district court. This request was filed nine months after entry of the August 1996

order.

The Federal Rules of Civil Procedure recognize no "motion for reconsideration." Instead, this Court construes such a filing in one of two ways. *Hatfield v. Board of County Com'rs for Converse County,* 52 F.3d 858 (10th Cir.1995). If the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under FED.R.CIV.P. 59(e). *Id.* at 861. The district court may not extend this ten day period. *Brock v. Citizens Bank of Clovis*, 841 F.2d 344 (10th Cir.1988). Alternatively, if the motion is filed more than ten days after the entry of judgment, it is considered a motion seeking relief from the judgment under FED.R.CIV.P. 60(b). See *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991) The substantive distinction between Rules 59(e) and 60(b) is that motions under Rule 59(e) allege fundamental legal errors requiring the court to reconsider an earlier decision, while motions under Rule 60(b) are made to relieve a party from a judgment due to mistake, inadvertence, excusable neglect, newly discovered evidence and fraud. *See Smith v. Evans*, 853 F.2d 155, 157-58 (3d Cir.1988).

Rules 59 and 60 are inapplicable before entry of final judgment. Rulings made before entry of final judgment are interlocutory in nature and may be changed within the trial court's discretion. *Wilson v. United States*, 669 F.Supp. 563, 565 (E.D.N.Y.1987), overruled on other grounds, *Guttridge v. United States*, 927 F.2d 730, 733-34 (2d Cir.1991); *see also Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir.1988) (Rule 59(e) applies only to final judgments). In the present case, the New Mexico Court of Appeals determined that the state district court decision is not a final judgment. Without a final judgment, this Court cannot hear Plaintiffs' motion for reconsideration under either Rule 59 or 60. Furthermore, Plaintiffs give this Court no reason to

exercise its independent discretion to change what is in effect an interlocutory order.

Even assuming that Plaintiffs had met the procedural requirements for a motion for reconsideration, this Court will not reconsider a state court decision made before removal absent fraud, mistake, or any other change in circumstances. In general, the federal court takes the case on removal exactly as the case stood in state court.  16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.31[3] (3d ed. 1997).  Accordingly, the state court pleadings, orders entered, or proceedings will be presumed valid by the district court.  Although a federal court has the power to modify a state court order, it would be unseemly to disregard the adjudication of the state court, when nothing had occurred since the removal to change the rights or position of the parties.

In *Denison v. Shawmut Mining Co.*, 124 F. 860 (C.C.W.D.N.Y. 1903),  the court pointed to the absence of new facts presented to the federal court as a reason for denying a motion for rehearing ("[A]ll interlocutory questions decided while the cause was in the state court are res judicata, as far as this court is concerned." *Id.* at 863).  *See Bell v. Viavi Co.*, 35 F2d 1005 (D.Del. 1929)(where the court, in refusing to reconsider a motion to vacate service of process which had been denied by the state court before removal, emphasized that the evidence produced in the state and federal courts was the same.)

This Court concludes that Plaintiffs are simply rehashing several of the arguments previously considered and dismissed by the state district court.  This is not the purpose of a Rule 60(b) motion or any motion to reconsider.  *See Van Skiver*, 952 F.2d at 1243 ("The court properly recognized that revisiting the issues already addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available

for presentation when the original summary judgment motion was briefed" is likewise inappropriate.) (*quoting Van Skiver v. Untied States*, 751 F.Supp. 1522, 1523 (D.Kan.1990)). This Court gives force and effect after removal in this case to the state court proceedings that occurred prior to removal.

In a separate Memorandum Opinion and Order filed simultaneously with this one, this Court has dismissed all federal claims and is remanding the state supplemental claims to the First Judicial District for the State of New Mexico. This approach renders consideration of the certification issue unnecessary.

**WHEREFORE, IT IS ORDERED** that Plaintiffs' Motion for Reconsideration and Certification (Docket No. 7) is not well taken and shall be **denied.**

**IT IS SO ORDERED.**

                                                                      _____
                                                                      **UNITED STATES DISTRICT JUDGE**